IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Deanna F. J.,[1] | C/A No.: 1:20-771-SVH |
| Plaintiff, | |
| vs. | |
| Martin O'Malley, Commissioner of Social Security Administration,[2] | ORDER |
| Defendant. | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 40]. Counsel filed a civil action on behalf of Plaintiff on November 20, 2017. *Deanna F. J. v. Commissioner of Social Security Administration*, C/A No. 1:17-3155-DCC (D.S.C.), ECF No. 1. On January 18, 2019, the Honorable Donald C. Coggins, Jr., United States District Judge, issued an order adopting the report and recommendation, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the action for further administrative

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin O'Malley was confirmed by the Senate and sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for Andrew Saul as a party to this action.

proceedings. *Id.* at ECF No. 39. He subsequently issued an order granting Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and awarding $5,500 in attorney fees. *Id.* at ECF No. 44. Plaintiff filed a second civil action on February 19, 2020. [ECF No. 1] On March 23, 2021, the undersigned issued an order granting the Commissioner's motion to remand for further administrative proceedings and reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 38]. The Commissioner subsequently issued a decision finding Plaintiff disabled under the rules of the Social Security Administration and awarding past-due disability insurance benefit ("DIB") payments retroactive to September 2013, as reflected in a notice of award dated August 27, 2023. [ECF No. 40 at 8–13].

On October 30, 2023, Plaintiff's counsel requested the court authorize a total fee of $47,729 for services rendered to Plaintiff in the district court. [ECF No. 40]. Plaintiff's counsel inadvertently filed the motion in the prior case, C/A No. 1:17-3155-DCC. *See* ECF No. 43. After having discovered the error, the Clerk of Court deleted the entry in the prior case and refiled it in this case [ECF No. 40], but failed to generate a notice of electronic filing. *See* ECF No. 43. Because the Commissioner did not receive notice of the motion at the time of filing, the undersigned issued a text order on January 18, 2024,

2

permitting the Commissioner until February 1, 2024, to file a response. *Id.* The Commissioner declined to file a response.

The court has considered counsel's motion for fees under 42 U.S.C. § 406(b) and approves the motion.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

The record contains a copy of the contingent fee agreement, signed by Plaintiff, which provides: "I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." [ECF No. 40 at 18]. Counsel secured for Plaintiff $190,916 in total past-due DIB proceeds. [ECF No. 40 at 9]. He requests the court approve a fee of $47,729, which represents 25% of Plaintiff's past-due benefits. *Id.* at 1. Because the requested fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented Plaintiff at the administrative level and before the court, beginning February 6, 2014. *Deanna F. J. v. Commissioner of Social Security Administration*, C/A No. 1:17-3155-DCC, Tr. at 93. He obtained for Plaintiff total past-due benefits of $190,916. [ECF No. 40 at 9]. In consideration of the nature of the representation, the period of the representation, and the amount of past-due benefits obtained, the court concludes the fee is not out of line with the character of the representation and the results achieved.

Plaintiff's counsel requested several extensions prior to filing briefs, which had some impact on the accumulation of past-due benefits. In the first case, Plaintiff's brief was initially due by May 25, 2018. *Deanna F. J. v.*

4

*Commissioner of Social Security Administration*, C/A No. 1:17-3155-DCC, ECF No. 11. Counsel requested two extensions, *id.* at ECF Nos. 13 and 16, and filed the brief on July 24, 2018. *Id.* at ECF No. 20. Plaintiff's brief in this case was initially due by October 28, 2020. [ECF No. 15] Counsel requested four extensions, [ECF Nos. 19, 23, 26, 32], and filed a brief on February 11, 2021 [ECF No. 25]. Counsel's requests for extension resulted in a total delay of approximately five-and-a-half months. However, given that Plaintiff filed his application for benefits on December 11, 2013, nearly 10 years before benefits were awarded, the court finds counsel's extension requests did not significantly affect the accumulation of past-due benefits.[3]

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 59.75 hours[4] at the district court level beginning in November 2017. [ECF No. 40 at 14–17]. This represents an effective hourly rate of $798.81. In similar cases, other attorneys have asserted reasonable non-contingent hourly rates to be between $300 and $800. *See Cortney S. v.*

---

[3] The time counsel requested for extensions to file his brief represents approximately 4.6% of the time past-due benefits accumulated. The court may be inclined to reduce attorney fees in cases where counsels' extension requests or other delays represent larger percentages of the time in which past-due benefits accumulated.

[4] In his memorandum of law, Counsel indicates he spent 32 hours working on "the first case" and 20.75 hours on the "second appeal." Tr. at 4. It appears 20.75 hours is a typo, as the itemized time sheet reflects 27.75 total hours spent on the second case. *See* Tr. at 16–17.

*Kijakazi*, C/A No. 1:20-cv-3483-SVH, ECF No. 33 at 5 (D.S.C. June 7, 2023) (stating "[a] reasonable market-based non-contingent hourly rate for these services would be $350–$425 per hour for [an] experienced Social Security disability litigator"); *Vincent D. S. v. Kijakazi*, C/A No. 1:21-cv-1561-SVH, ECF No. 26 at 5 (D.S.C. May 30, 2023) (representing counsel's normal hourly rate to be between $500 and $800); *Darlene G. v. Kijakazi*, C/A No. 1:20-cv-2619-SVH, ECF No. 37 at 5 (D.S.C. Mar. 29, 2023) (indicating a market-based hourly rate of $300 to $450). The fee requested by counsel, although on the higher end, is not out-of-line with the market rate charged by other attorneys in non-contingent cases.

This court has also recognized that attorney fees in contingent cases may reasonably exceed the market rate in similar non-contingent cases. "If the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiffs may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010)). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds the average hourly non-contingent rate is not unreasonable and does not result in a windfall.

6

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A), in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b), approves a total attorney fee of $47,729,[5] and directs the Commissioner to release this amount from the funds withheld from Plaintiff's past-due benefits to pay attorney Jeffery Sabel.

II.     Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be made under both the EAJA and 42 U.S.C. § 406(b), but it provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent

---

[5] Counsel represents: "Out of the $47,729.00: $5500 is subject to reduction of attorney's fees previously paid to counsel under the Equal Access to Justice Act and $7200.00 that is due to Plaintiff's attorney by the social security administration [for] his representation under the administrative level." Thus, Counsel appears to be requesting the Social Security Administration pay him $7,200 for work performed at the administrative level and $40,529 for work performed at the district court level and indicating he plans to return the $5,500 EAJA fee to Plaintiff.

attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

Counsel previously received an EAJA fee and agrees it should be refunded to Plaintiff. [ECF No. 40 at 1, 4]. Therefore, the undersigned directs counsel, upon receipt of the $47,729 fee approved herein to refund to Plaintiff $5,500, representing the EAJA fee paid in this action.[6]

IT IS SO ORDERED.

February 6, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[6] Although counsel was awarded an EAJA fee in the first case, a review of the docket shows he did not request an EAJA fee in this case.